UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TYRONE DAVIS SMITH,**

          Petitioner,

       -vs-                                        **Case No. 09-C-725**
                                                    **(Successive Petition -**
                                                    **Case No. 12-C-893)**

**MARC CLEMENTS,**
**Warden, Fox Lake Correctional Institution,**

          Respondent.

# DECISION AND ORDER

On March 21, 2011, the Court entered an order denying Tyrone Davis Smith's ("Smith") petition for a writ of habeas corpus. Smith filed a timely motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Smith then filed several additional motions. The action was also stayed for a period of time while Smith pursued an unsuccessful interlocutory appeal. Earlier this month, on August 22, 2012, this Court entered a Decision and Order that denied Smith's two Rule 59(e) motions, his motions for summary judgment, for a preliminary injunction, and for release. Additionally, the Court denied Smith's request for permission to file a complaint under 42 U.S.C. § 1983.

On August 29, 2012, Smith filed a motion for reconsideration. However, *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), explains:

> Often a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under

section 2255, because it challenges the legality of his detention and seeks his release. If so, it will be treated as such. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

Despite its label, Smith's motion is a successive petition for habeas corpus relief under § 2254. Therefore, Smith's motion for reconsideration is a separate civil § 2254 action, and must be treated as one.

Section 2244(a) of Title 28 of the United States Code states:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2244(b)(1) further provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) sets forth certain limited exceptions to the general rule that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. These exceptions are established when:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2). Section 2244(b)(3)(A) further provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Pursuant to 28 U.S.C. § 2244, second or successive petitions require the approval of the court of appeals. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). *See also*, Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

Circuit Rule 22.2 establishes procedures for the approval mechanism. *Id.* A copy of that rule is attached to this decision. Pursuant to *Nunez*, this Court dismisses Smith's new civil action for lack of jurisdiction.

At this juncture, Smith's motions are frivolous. Smith's filings present the question of "[w]hat should a court do with a prisoner who refuses to take no for an answer, and files over and over again?" *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). At this time, Smith is advised that pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court has the authority to impose sanctions upon litigants who file repeated and frivolous motions as a penalty for contempt of court and as a part of this Court's inherent power to control proceedings. *See Smith v. Gilmore*, 111 F.3d 55, 56 (7th Cir. 1997)

-3-

(upholding imposition of a $50 Rule 11 fine for filing a frivolous pleading); *Alexander*, 121 F.3d at 315 (imposing $500 fine for filing successive collateral attacks; directing that, until the fine was completely paid, all clerks of court within the circuit to return, unfiled, any papers that Alexander tendered in civil litigation, and also indicating that Court of Appeals would receive but not act on any of Alexander's motions for leave to file successive collateral attacks.)

The case law establishes that the Court is empowered to impose monetary sanctions against proponents of frivolous litigation, *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). It also may take other measures to reduce the paper-moving and explanation-writing and to conserve judicial time for other litigants, *see Carr v. Tillery*, 591 F.3d 909, 920-21 (7th Cir. 2010). It will not exercise that authority at this juncture; however, but Smith's frivolous filings must abate.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Clerk of Court is **DIRECTED** to open a separate civil § 2254 action with Smith's motion for reconsideration (ECF No. 95); and

-4-

The successive § 2254 action (Case No. 12-C-893) is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2012.

                                                **BY THE COURT:**

                                                *[signature]*

                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review (current as of Dec. 01, 2011)

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.